(118 App. Div. 768)

BRADT v. McCLENAHAN et al.

(Supreme Court, Appellate Division, First Department. April 19, 1907.)

JUDGMENT—CONFORMITY TO PLEADINGS—ISSUES RAISED.

Where, in an action for the sale of real estate and a distribution of the proceeds thereof, an instrument in the form of a deed was treated by all the pleadings as a valid mortgage, the only question being as to the amount for which it was security, but judgment was rendered that the mortgage be surrendered and destroyed, on the ground that it was champertous, such judgment cannot be sustained, being in direct opposition to the issue tendered, and based upon an issue not raised by the pleadings.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 30, Judgment, §§ 434–437.]

Appeal from Special Term.

Action by George S. Bradt against James McClenahan, impleaded with Eliza C. Clark and others. From a judgment for plaintiff, McClenahan appeals. Reversed, and new trial granted. .

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Thomas J. Farrell (Gratz Nathan, of counsel), for appellant.

Williams & Caldwell (J. Newton Williams, of counsel), for respondent Bradt.

R. & E. J. O'Gorman (Eugene Fay, of counsel), for respondent Abbott and others. ·

CLARKE, J. This action was brought for the sale of certain real estate alleged to have belonged to one Michael Darcy, deceased, and devised by him with other property, real and personal, to his wife, and, after her death, to his children, and for the distribution of the proceeds thereof. The complaint alleges:

"That the record title to said property * * * was taken in the name of the defendant Frank A. Clark, but said property was owned by and in the possession of said Michael Darcy at the time of his death, and the said Frank A. Clark executed and delivered a deed of said property on or about the 12th day of June, 1904, to the defendant James McClenahan. It was understood at the time of the execution and delivery of said deed by said Clark to said McClenahan that the said deed was so given as security for a certain indebtedness owing by said Clark to said McClenahan, the amount of which this plaintiff is unable to ascertain, * * * and he will be unable to ascertain the amount thereof, but the said McClenahan admits that he holds the title of said real estate simply as collateral security for the moneys owing to him by the defendant Frank A. Clark."

The complaint further alleges that the plaintiff has no adequate remedy at law, and asks the equitable interposition of the court to ascertain the amount of the claim of said James McClenahan against said property, being the amount of indebtedness for which said property was conveyed by way of mortgage or security by defendant Clark; and for the decree of this court adjudging that the said property be sold, and that the said McClenahan be paid the amount of his claim therein, and that the parties to this action receive their respective interests in the proceeds of the sale of said property, after

paying the expenses of the suit and the claim of said defendant Mc-Clenahan against the same. In his demand for judgment the plaintiff asks:

"(2) That the deed of said premises now in the name of the defendant James McClenahan be adjudged to be a mortgage, and that his mortgage or claim thereon be ascertained and the property sold under the direction of the court, and his claim be paid."

Three of the defendants did not appear. The defendant Eliza C. Clark, individually and as administratrix with the will annexed of Michael Darcy, deceased, admitted all the allegations of the complaint, and joined in the prayer for judgment. All of the other defendants, children and grandchildren, repeated the allegation of the complaint that this deed was a mortgage, and joined in the prayer for relief, and demand for judgment that it be adjudged to be a mortgage, and that the claim thereunder be ascertained and the property sold under the direction of the court, and McClenahan's claim be paid. The defendant Clark did not deny any of the allegations in regard to this transaction, but denied that Darcy died seised and possessed of the premises in question. The defendant McClenahan alleged that at the time that Clark transferred to him he was, or pretended to be, the owner in fee simple of the premises, and that Clark was then in the actual possession thereof, and that Clark agreed with him for the conveyance thereof as security for a then existing indebtedness of said Clark to the David Stevenson Brewing Company, of which the defendant was then and is now the president, and for security for such further indebtedness to said company as might thereafter be incurred by said Clark or by one Patrick Flanagan, or both. The plaintiff and the defendants all thus agreed that McClenahan held a mortgage upon these premises, and all asked that the amount, of the indebtedness for which the mortgage was a lien or security be ascertained, and that the property be sold and that out of the proceeds thereof the claim be paid. The learned trial court found as a conclusion of law that said paper, though intended only as a mortgage, was null and void, as it was given while the property was in the adverse possession of the life tenant under the last will and testament of Michael Darcy and the devisees under said will, and that the said paper was also void because the said property belonged to the estate of Michael Darcy, deceased, at the time said paper was delivered to the said McClenahan, and that the said paper was given for a contingent liability already created and existing at the time of its delivery. The judgment "ordered, adjudged, and decreed that the defendant James McClenahan surrender to the clerk of this court the deed executed as and for a mortgage, delivered to him by the defendant Clark and his wife, dated June 12, 1894, and recorded in June 13, 1894, at 2 o'clock and 28 minutes p. m., in Liber 26, section 3, of Conveyances, at page 413, and that the said clerk destroy the same, and that the register of the county of New York mark opposite the said paper writing, in section, liber, and page aforesaid: 'This instrument canceled and discharged of record by judgment of the Supreme Court entered February ———, 1906. See judgment.'" That is in direct opposition to the issue tendered by all the pleadings, and, upon

an issue not raised by any of the pleadings, the court has decided that the instrument, treated by all the pleadings as a valid mortgage, the only question being as to the amount due for which it was security, was champertous, absolutely null and void, and has decreed its destruction.

This judgment cannot be sustained. While the question of champerty was not presented by any of the pleadings, it is upon that question that the judgment was rendered and is now sought to be upheld. Clark took title from the referee at a foreclosure sale. He paid the purchase money and received the deed in his own name and recorded it. That made him the legal and record owner of the property. While thus the legal and record owner, he conveyed by deed intended as a mortgage to McClenahan.

The evidence shows that McClenahan had no notice of the claim of the Darcy heirs to this property; supposed that it belonged to Clark; had the title searched; and, after discovering by said search that Clark was the record owner, received the instrument and duly recorded it. The complaint in effect stated that the Darcy heirs were the owners of the beneficial interest in this property, but that Clark had legal title and had made a valid mortgage thereon; that they wished the court to ascertain the amount which this mortgage was given to secure, and decree the payment thereof out of the proceeds of the sale of the property. There was no question raised in the pleadings as to the validity of the mortgage on the ground of lack of consideration or for any other reason. Its validity was admitted by all parties.

These formal admissions in the pleadings bind the parties making them. Under them the court was confined to a determination of the fact that the instrument, upon its face a deed, was in fact a mortgage and to the ascertainment of the amount due thereon.

The case having been decided upon matters not in issue, the appellant has not had his day in court.

The judgment does not follow the pleadings, and should be reversed and a new trial granted, with costs to the appellant to abide the event. All concur.